IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS<br>(PHENTERMINE/FENFLURAMINE/<br>DEXFENFLURAMINE) PRODUCTS<br>LIABILITY LITIGATION | MDL Docket No. 1203 |
| CATHY CHERAMIE,<br>BRIDGETTE KETCHENS, ET AL.<br><br>VERSUS<br><br>AMERICAN HOME PRODUCTS,<br>ET AL. | CIVIL ACTION NO. 02-20131 |

## OPPOSITION FILED BY BRIDGETTE KETCHENS TO MOTION FOR SUMMARY JUDGMENT FILED BY AMERICAN HOME PRODUCTS, ET AL.

MAY IT PLEASE THE COURT:

Now into Court through undersigned counsel comes Bridgette Ketchens, plaintiff, who opposes the motion for summary judgment filed by American Home Products, et al., on the following grounds:

Defendant asserts that it is entitled to summary judgment against the claims of Bridgette Ketchens on the ground that judicial estoppel precludes Bridgette Ketchens from maintaining her action. Defendant, however, has not advised this Court of recent developments in the bankruptcy proceeding. The recent developments in the bankruptcy proceeding, and the lack of any intent of the debtor to defraud, defeat the grounds on which the defendant bases the motion for summary judgment. Further, the defendant has failed to satisfy even the minimum standard of proof that is

required for the motion for summary judgment. Material issues of fact remain to be decided.

Bridgette Ketchens files and incorporates hereby the uncontested statements of facts and the memorandum of law in opposition to the motion for summary judgment.

WHEREFORE, Bridgette Ketchens prays that the motion for summary judgment filed by defendant be denied at its costs.

Respectfully submitted,

O'QUINN, LAMINACK & PIRTLE

_____ SEE 5149
SUSAN EARNEST, LA # 22348;
REBECCA M. URRUTIA, LA#28430
2752 Canal Street
New Orleans, Louisiana 70119
Telephone: 504/822-8400
Facsimile: 504/822-4300


RICHARD N. LAMINACK, TBA#11850350
THOMAS W. PIRTLE, TBA#160038610
BUFFY K. MARTINES, TBA#24030311
440 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: 713/ 236-2677
Facsimile: 713/ 223-4870

ROBERT G. HARVEY, SR., A.P.L.C.
ROBERT G. HARVEY, SR., LA#18615
2609 Canal Street, Fifth Floor
New Orleans, Louisiana 70119
Telephone: 504/ 822-2136

And

JACOBS & SARRAT
DARLEEN JACOBS, LA#7208
823 St. Louis Street
New Orleans, Louisiana 70112

-3-

New Orleans, Louisiana 70112
Telephone: 504/ 522-0155

**ATTORNEYS FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1203 |
| CATHY CHERAMIE, BRIDGETTE KETCHENS, ET AL. VERSUS AMERICAN HOME PRODUCTS, ET AL. | CIVIL ACTION O. 02-20131 |

### MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

This memorandum of law is filed in opposition to the Defendants' Motion For Summary Judgment. The Defendants' argument of judicial estoppel fails under the facts of this case. The Defendants' motion for summary judgment is also completely inappropriate given that the Defendants have raised factual issues of non-concealment/concealment, motive and intent in their own memorandum. The Defendants' Motion For Summary Judgment and, alternatively, dismissal under Fed. R. Civ. P. 17(a), should be DENIED.

1.) THE FIFTH CIRCUIT'S REQUIREMENT THAT "THE COURT MUST HAVE ACCEPTED THE PREVIOUS POSITION" HAS NOT BEEN MET IN THE INSTANT CASE.  CONTRARY TO THE ALLEGED FACTS SET FORTH BY WYETH, THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF LOUISIANA *REVERSED* ITSELF AND FOUND THE 'NO ASSET' CASE OF BRIDGETTE KETCHENS TO BE AN 'ASSET' CASE. THEREFORE, JUDICIAL ESTOPPEL IS NOT APPLICABLE UNDER THE BANKRUPTCY FACTS OF THIS CASE.

The United States Fifth Circuit Court of Appeals has set out a three-part test to determine if judicial estoppel should be applied. The three particular requirements are: (1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) *the court must have accepted the previous position;* and (3) the non-disclosure must not have been inadvertent. *In Re: In The Matter of Superior Crewboats,* 374 F.3d 330 (5th Cir. 2004). (Emphasis added).

The Defendants' argument of judicial estoppel is based upon the United States Bankruptcy Court for the Eastern District of Louisiana allegedly accepting and/or adopting the position of a "no asset" case in 2002. The Defendants' argument fails however, because the United States Bankruptcy Court for the Eastern District of Louisiana reversed this position and reopened the Ketchens' case as an "asset" case, a fact of which the Defendants have failed to apprize this Court.

Part two of the United States Fifth Circuit Court of Appeal's test requires that the court, in this case the United States Bankruptcy Court for the Eastern District of Louisiana, *accept the previous position* that this was a no asset case. The Defendants base their motion for summary judgment upon the Plaintiff/Debtor's bankruptcy case being closed on January 28, 2002 and the Bankruptcy Court issuing, through the United States Trustee, a Report of No Assets.

What the Defendants have failed to reveal to this Court, however, is that the bankruptcy case was subsequently re-opened and that the Trustee's motion to withdraw the previous report was granted. See Exhibit A. The necessary requirement that the court *accept the previous position* has not been met since the United States Bankruptcy Court reversed itself and recalled its previous "no asset" report, allowing the United States Trustee to issue a "Notice of Assets & Request For Notice To Creditors To File Proofs Of Claim". See Exhibit B.

Judicial estoppel is a common law doctrine which is expressly disfavored under Louisiana law.[1] Moreover, under federal law, judicial estoppel is designed to protect the judicial system, not the litigants. Hence, the United States Fifth Circuit Court of Appeals has fashioned the requirement that the court must have accepted the previous position. In this case, there is no final acceptance by United States Bankruptcy Court for the Eastern District of Louisiana of the position that this is a no asset case. The United States Bankruptcy Court for the Eastern District of Louisiana reversed its position long before Wyeth filed its current motion for summary judgment. These are facts which Wyeth has omitted from its memorandum in support of its motion and upon which Wyeth's motion for summary judgment collapses.

Having neglected to meet part two of the test as enunciated by the United States Fifth Circuit Court of Appeals, Wyeth's motion for summary judgment must fail as a matter of law.

2.) **THE UNITED STATES SUPREME COURT HAS STATED THAT SUMMARY JUDGMENT IS NOT APPROPRIATE WHEN THERE ARE GENUINE FACTUAL ISSUES THAT PROPERLY CAN ONLY BE RESOLVED BY A FINDER OF FACT.**

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the United States Supreme Court stated that summary judgment is not appropriate when there are any genuine factual issues

---

[1] The Louisiana Supreme Court so abhors the application of estoppel that it has stated that *"Estoppel in its various forms seems to be a doctrine of last resort. In Louisiana, no statutory material and no body of jurisprudence justifies its use."* *Howard Trucking Co., Inc. v. Stassi*, 485 So.2d 915 (La. 1986). Even with the recent amendments to Louisiana's laws on res judicata bringing Louisiana's Code more in line with the Federal Code, the Louisiana Supreme Court has held that our jurisprudence continues to hold that judicial estoppel is not applicable in Louisiana. See also *Doyle v. State Farm Mutual Ins. Co.*, 414 So.2d 763 (La.1982); *Safeco Ins. Co. of America v. Palermo*, 436 So.2d 536 (La. 1983); and *Dornak v. Lafayette General Hospital*, 399 So.2d 168 (La. 1981).

that properly can be resolved only by a finder of fact because they may be resolved in favor of either party. The high Court went on to state that credibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . the evidence of the non-mover (in motions for summary judgment) is to be believed, and all inferences are to be drawn in the non-mover's favor. *Anderson v. Liberty*, supra at 255.

Wyeth's motion for summary judgment is inappropriate because under 18 USC §152, which addresses the bankruptcy crime of concealment, *mens rea* must be proven, and it will not be presumed. The concealment must be done knowingly with the intent to commit fraud. *United States v. Guiliano,* 644 F.2d 85 (2nd Cir. N.Y. 1981); *United States v. Cherek,* 734 F.2d 1248, 1252 (7th Cir. Wis. 1984), *cert, denied,* 471 U.S. 1014, 85 L.Ed 2d 299, 105 S.Ct. 2016 (1985); *United States v. Weinstein,* 834 F.2d 1454, Bankr.L. Rep. (CCH) 72164 (9th Cir. Cal. 1987).

Attached to this memorandum of law are Exhibits C and D. These sworn affidavits from the Plaintiff/Debtor and her husband specifically deny any intent to conceal any matters. For purposes of the Defendants' motion for summary judgment, the United States Supreme Court has instructed that the Plaintiff/Debtor's affidavits, as the non-moving party, are to be believed and all inferences are to be drawn in the non-mover's favor. *Anderson v. Liberty,* supra at 255.

3.) **UNDER THE FACTS OF THIS CASE, JUDICIAL ESTOPPEL IS APPLICABLE AGAINST THE DEFENDANTS, NOT THE PLAINTIFF**

Defendant's own "Exhibit M" is irrefutable proof that the *Defendants* had knowledge of the plaintiff's bankruptcy petition as of March 25, 2004. One week later, these same Defendants remained silent and chose not to object to the Bankruptcy Court Trustee's motion to reopen the Bankruptcy Court case for the sole purpose of administrating the debtors' claims against the

defendants. Because the Defendants remained silent, failed to object, and allowed the Bankruptcy Court case to be reopened as an asset case, these same Defendants are judicially estopped from now moving to dismiss the District Court claim on the erroneous and factually incorrect basis that the Bankruptcy Court case was previously closed as a no asset case.

4.) **THE UNITED STATES SUPREME COURT HAS FASHIONED ITS OWN THREE PART TEST WHICH INCLUDES WHETHER OR NOT AN UNFAIR DETRIMENT WOULD BE IMPOSED UPON THE OPPOSING PARTY IF ESTOPPEL WERE NOT APPLIED.**

The United States Supreme Court, in fashioning its own three part test, has recently directed that courts are to consider whether or not an unfair detriment would be imposed upon defendants when considering whether it is appropriate to apply the doctrine of judicial estoppel. See *New Hampshire v. Maine,* 532 U.S. 742 (2001).[2]

Since Wyeth has admitted liability in companion cases, it seems hard to imagine that these Defendants can argue, with a straight face, that an unfair detriment would be imposed upon *them* if judicial estoppel were not applied.[3]

In the instant case, the Defendants argue in their conclusion that the Plaintiff/Debtor

---

[2] The United States Supreme Court held *"... several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was mislead. Third, courts ask whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."* *New Hampshire,* supra at 743.

[3] See Wyeth's admission of liability attached as Exhibit E as admitted by Wyeth in *Gatlin v. Wyeth*, Civil District Court for the Parish of Orleans, LA (No. 2003-4007).

should not be allowed to proceed to the "detriment of her creditors". The Defendants do not address how an unfair detriment would be imposed upon *them*, the Defendants who are not creditors, particularly in light of their admissions of liability.

While the Defendants' request does not meet part two of the United States Fifth Circuit's test, the Defendants' request also certainly does not meet part three of the United States Supreme Court's suggested test. The motion for summary judgment fails to meet these two factors because the doctrine should not be applied given *all* of the bankruptcy facts.[4]

5.) **THE DEFENDANTS' FED. R. CIV. P. 17(a) MOTION ALSO FAILS UNDER THE FACTS OF THIS CASE. THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF LOUISIANA RETURNED THE INSTANT SUIT TO THE PLAINTIFF/DEBTOR ON MARCH 30, 2005.**

As if conceding that part 2 of the Fifth Circuit's judicial estoppel test has not been met, the Defendants offer the alternative argument that if their motion for summary judgment is denied, the Plaintiff/Debtor is not the proper party to bring the instant action. The Defendant's motion was filed on 4/04/05. What the Defendants have failed to inform this Court of however is that on March 30, 2005, the United States Bankruptcy Court for the Eastern District of Louisiana approved the Trustee's Motion To Disclaim the lawsuit and return the property back to Ms. Ketchens, the Plaintiff/Debtor. See Exhibit F.

---

[4] The Defendants failure to report the correct bankruptcy facts or *all* of the bankruptcy facts is alarming. In the instant bankruptcy case, all of the creditors were noticed and allowed by the Bankruptcy Court to file proofs of claim in this debtor's case as evidenced by Exhibit B. The Defendants' conclusory allegations that the debtor was given a discharge "to the detriment of her creditors" is not only misguided, it is simply not true. In addition to Exhibit B, the Court can refer to Defendants' own Exhibit J, docket number 18, to see that all creditors were given the opportunity file a proof of claim in the Plaintiff/Debtor's bankruptcy, contrary to the Defendants' allegations.

The abandonment of the debtor's claim against Wyeth removes the property from the bankruptcy estate and returns the property to the debtor as though no bankruptcy occurred.[5] While the Trustee is normally the proper party to represent the estate[6], the debtor is the proper party to file a claim for damages once the Trustee has abandoned the claim and placed the claim outside the estate.

6.) **CONCLUSION. WYETH IS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW UNDER THE FACTS OF THIS CASE.**

The United States Fifth Circuit has set forth a three part test which must be met in order for doctrine of judicial estoppel to be applicable. Part Two of the test, requiring the Court to have relied upon the previous position, has not been met. The facts of this individual case, facts omitted by the Defendants in their memorandum, clearly show that the United States Bankruptcy Court clearly did not rely upon such a position and recalled the U.S. Trustee's earlier report of no assets, replacing it with a Notice of Assets.[7] Since the doctrine of judicial estoppel is to be applied to protect the court and not the litigants, the doctrine is unnecessary and inapplicable in the instant case. See Plaintiff's Statement of Uncontested Facts.

Furthermore, while Wyeth has presented selected facts in their memorandum and statement of alleged uncontested facts, Wyeth has failed to present *all* of the facts. *All* of the facts clearly show that the position Wyeth claims was adopted by United States Bankruptcy Court for the Eastern District of Louisiana is not the position the Bankruptcy Court maintained

---

[5] 11 U.S.C. § 554. *Re R-B-Co of Bossier*, 59 B.R. 43,45, 14 Bankr. Ct. Dec. (CRR) 261 (Bankr. W.D. La. 1986).

[6] 11 U.S.C. § 323. *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988).

[7] Cf *Superior Crewboats,* supra, which is clearly distinguishable on this ground.

-7-

on the date the Defendants filed their motion for summary judgment. The United States Bankruptcy Court for the Eastern District of Louisiana has adopted the position that this was an asset case and called for notice to all creditors. *All* of the facts also clearly show that the United States Bankruptcy Court for the Eastern District of Louisiana returned the case to Ms. Ketchens, the Plaintiff/Debtor, on March 30, 2005. The Defendants are not entitled to summary judgment and, had they bothered to completely check the bankruptcy court record before filing their 17(a) motion in District Court, would find that they are not entitled to a favorable ruling on their alternative motion either.

Finally, summary judgment is simply inappropriate where factual issues of non-concealment/concealment, motive and intent must be decided.

In accordance with *all* of the facts and for the above stated reasons, the Plaintiff respectfully requests that this Court deny Defendants' motion for summary judgment and deny Defendants' alternative motion for dismissal under Fed.R.Civ. P. 17(a) as moot.[8]

Respectfully submitted,

O'QUINN, LAMINACK & PIRTLE

_____ SEE 5149
SUSAN EARNEST, LA # 22348
REBECCA M. URRUTIA, LA#28430
2752 Canal Street
New Orleans, Louisiana 70119
Telephone: 504/822-8400
Facsimile: 504/822-4300

---

[8] To avoid any confusion, the Court and the Clerk of Court may wish to note that Wyeth's motion for summary judgment was filed under Civil Action No. 02-20131 but that their attached memorandum in support bears the incorrect caption of Civil Action 03-20126.

-8-

**RICHARD N. LAMINACK, TBA#11850350**
**THOMAS W. PIRTLE, TBA#160038610**
**BUFFY K. MARTINES, TBA#24030311**
440 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: 713/ 236-2677
Facsimile: 713/ 223-4870

**ROBERT G. HARVEY, SR., A.P.L.C.**
**ROBERT G. HARVEY, SR., LA#18615**
2609 Canal Street, Fifth Floor
New Orleans, Louisiana 70119
Telephone: 504/ 822-2136

And

**JACOBS & SARRAT**
**DARLEEN JACOBS, LA#7208**
823 St. Louis Street
New Orleans, Louisiana 70112
Telephone: 504/ 522-0155

**ATTORNEYS FOR PLAINTIFFS**

IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF LOUISIANA

| IN THE MATTER OF: | CASE NUMBER: 01-16243 |
|---|---|
| KETCHENS, ROLAND<br>KETCHENS, BRIDGETT | SECTION B |
| DEBTOR (S) | CHAPTER 7 |

### ORDER

Considering the foregoing motion of Aaron Caillouet to Withdraw Trustee's Report of No Distribution, Motion to Reopen the Estate, Appoint a Trustee and Request for Temporary Delay in Payment of Filing Fees, and it appearing that no notice need be given and no adverse interest having been represented and sufficient cause appearing,

IT IS ORDERED that the Trustee's Report of No Distribution filed on 9/26/2001, be WITHDRAWN;

IT IS FURTHER ORDERED that the above entitled case is hereby REOPENED and that the Office of the United States Trustee will appoint a trustee to administer the assets, and the appointed Trustee shall deposit with the Clerk, United States Bankruptcy Court, a $155.00 filing fee within ten days of the receipt of the settlement funds by the trustee.

New Orleans, Louisiana, April 6, 2004.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge

EXHIBIT A

Form ntc90day

# United States Bankruptcy Court
Eastern District of Louisiana

*In Re:*
Roland a. Ketchens Sr.
Bridgett G. Ketchens

*Debtor(s)*

Case Number: 01-16243

Chapter: 7

## Notice to Creditors and Other Parties in Interest of the Need to File Claims

**NOTICE IS HEREBY GIVEN THAT:**

It having appeared from the schedules of the debtor at the time of filing that there was no estate from which any dividend could be paid to creditors, the notice to creditors advised that it was uncecessary for any creditor to file his claim at that time.

It appearing subsequently that there is an estate from which a dividend to creditors may be paid, creditors **MUST** now file claims in this case in order to share in any distribution from the estate.

**CLAIMS MUST BE FILED ON OR BEFORE:   7/19/04**

Claims which are not filed on or before the above-stated date will not be allowed, except as otherwise provided by law. A claim may be filed in the office of the Clerk of Bankruptcy Court on an official form prescribed for a proof of claim.

Creditors who have previously filed a claim in this case need not file again.

**MAIL CLAIM FORMS TO:**

Clerk, U.S. Bankrupcty Court
500 Poydras Street, Room B-601
New Orleans, Louisiana 70130-3386

*R. Marla Hamilton*
Acting Clerk of Court

**EXHIBIT B**